Frank Wolff and Nita Wolff, as Executors, etc., of Flora
   Wolff, Deceased, Appellants, v. Stephen J. Donahue,
   Respondent.

First Department, December 14, 1917.

Landlord and tenant — action for earnest money paid under lease
   of apartment — deliberate removal by landlord of articles included
   in lease — when principle of substantial performance not
   applicable.

Where, in an action to recover earnest money paid by plaintiff's testatrix,
   as tenant of an apartment, in lawful expectation of full performance
   by the defendant landlord of the stipulations of the lease, it appears that
   the defendant agreed to lease the apartment with the appurtenances,
   together with all the furniture now in the said premises, which was to
   be particularly described in a schedule, but said schedule was not
   furnished; that when plaintiff's testatrix came to take possession of the
   premises certain pieces of property claimed to be included in the lease
   had been deliberately removed, and there is no pretense that said articles
   were taken away inadvertently; and she thereupon, refused to take the
   apartment, the principle of substantial performance has no application.

Appeal by the plaintiffs, Frank Wolff and another, as
executors, from a determination and order of the Appellate
Term of the Supreme Court, entered in the office of the clerk
of the county of New York on the 29th day of March, 1917,
affirming a judgment of the Municipal Court, City of New
York, Borough of Manhattan, Fifth District.

Arthur B. Hyman of counsel [Stanley M. Lazarus with him
on the brief; Paskus, Gordon & Hyman, attorneys], for the
appellants.

Samuel Hellinger, for the respondent.

Smith, J.:

On January 29, 1916, the plaintiffs' testatrix, as tenant,
entered into a written lease with the defendant, as landlord,
of an apartment at 216 West Eighty-ninth street, for a term
of seven months and fifteen days at a rental of $1,412.50 for
the term, to be paid in monthly installments when due.
At the time of the execution of the lease plaintiffs' testatrix
paid to the defendant the sum of $200 as rent for the first

month of the term. The lease provided: " The party of the
first part leases the said apartment with the appurtenances,
together with all the furniture now in the said premises, which
is particularly described in a schedule thereof subscribed by
the parties hereto and attached to and forming a part of this
agreement."

There was in fact no schedule attached, so that the parties
must resort to parol evidence to find what furniture was in
fact included in the lease. When the plaintiffs' testatrix
came to take possession of the premises there were certain
pieces of property that she claims were included in the lease
which the defendant claims were excepted therefrom, and
which were not present. The plaintiffs refused to accept the
premises and have brought this action to recover the $200 paid
as the first month's rent. The court submitted to the jury
the question as to whether this property was included in the
lease and also charged the jury that whether or not excepted,
if the performance was substantial, and the plaintiffs' testatrix
could have entered the premises and supplied these articles
at slight expense, she was bound to do it, and charge
the defendant upon the contract with the money expended
therefor. The jury found for defendant. Upon appeal to the
Appellate Term the judgment entered upon the verdict was
affirmed. At the Appellate Term, however, Mr. Justice MULLAN
dissented, holding that this was not a question of substantial
performance. He says: " It is probably true that the absence
of some trifle, some article of such little consequence that it
could be stated, as matter of law, that no reasonable man
could say that its presence or absence could possibly have
affected the making of the bargain, may in a proper case
be disregarded upon the principle *de minimis*, but I think
it is plain that the invocation of that doctrine is not per-
missible here in view of the nature of the articles concerning
which the controversy has arisen, and, moreover, the Trial
Court did not submit the case to the jury upon any such
theory."

Whether or not the principle of substantial performance
may apply to an agreement of lease under any circumstances,
it seems clear to me that it cannot apply to this case. The
victrola, for instance, was deliberately removed. The bed

spreads were deliberately removed. Silver was removed upon consent that there was to be substituted other silver, and the silver substituted was not in accordance with the agreement. Now if this were a variation from the contract and were willful and intentionally done, then the plaintiffs' testatrix had the right to refuse to accept the lease and recover back her deposit of $200. There is no pretense that these articles were taken away inadvertently. The defendant's wife admits that she took them away, but says that she had the right because of the agreement between her and the plaintiffs' testatrix. This, therefore, is the only question in the case, and upon that question depends the right of the plaintiffs to recover these moneys.

It seems clear if the defendant were here suing the plaintiffs' testatrix for rentals, the defendant would be required to show a tender of the property agreed to be leased, and an intentional withdrawal of part of the property before tender, unless authorized by the contract, would defeat his action for rent reserved. If the landlord, then, could not recover for the rent reserved in the lease by reason of his breach of the contract, it would be anomalous to hold that the tenant has no right to a recovery of the earnest money paid in lawful expectation of full performance by the landlord of the stipulations of the lease.

The determination of the Appellate Term and the judgment of the Municipal Court should, therefore, be reversed, and a new trial ordered, with costs to appellants in all courts to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Determination and judgment reversed and new trial ordered, with costs to appellants in all courts to abide event.